The People of the State of Illinois, Plaintiff-Appellee, v. Larry Steffen, Defendant-Appellant.

(No. 11666;

Fourth District—October 17, 1972.

John F. Adams, of Quincy, for appellant.

William J. Scott, Attorney General, of Springfield, and Robert J. Bier, State's Attorney, of Quincy, (Fred G. Leach and Thomas J. Immel, Assistant Attorneys General, and Matthew J. Hutmacher, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant's petition in post-conviction, prepared by counsel, alleged violation of due process in that his several pleas of guilty were taken without first having held a competency hearing. Following an evidentiary hearing, the petition was denied and he appeals.

Defendant was taken into custody on or about July 3, 1967, on charges of burglary and aggravated kidnapping. On August 6, he escaped from jail. Indictments charging the several offenses were returned on August 14, and on August 24, pleas of not guilty were entered.

The court's admonitions show that defendant was well advised of the possible sentences and disavowed any hospital treatment for mental or nervous ailments. On September 26, defendant appeared with two appointed counsel—the escape having separate representation. So represented, defendant withdrew the pleas of not guilty and entered pleas of guilty. In so far as the report of proceedings is relevant, it shows nothing that would suggest to the court a question of defendant's competency to stand trial. No motion for a hearing on the issue was filed by either of the counsel.

Each of the counsel represented defendant at the time of the taking of

the pleas, advised the court that he believed that defendant's plea was made understandingly, intelligently and voluntarily. The several portions of the report of proceedings show that defendant was alert, made a correlation in time as to the various steps taken at the several proceedings, that defendant prided himself on having an interest in studying matters of law, and demonstrated that defendant did, in fact, understand the nature of the charges and was able to cooperate with counsel.

The evidence shows that while first held at the County Jail, defendant became unruly and had to be restrained. This episode is now categorized as an attempt at suicide. The evidence shows that defendant was taken to the hospital where he had superficial wounds on his wrists, but that he was almost immediately discharged for return to the jail. A psychiatrist examined him during this episode and was called by defendant to testify. The psychiatrist stated an opinion that defendant was a sociopathic personality, but was aware of the nature of the pending charges and was able to cooperate with counsel. The balance of the testimony offered in behalf of the defendant, upon post-conviction, is essentially directed to his adventures and misadventures in a love affair. Such testimony had the apparent purpose of showing that defendant was emotionally upset at the time of the burglary and kidnapping.

Upon the record, defendant has failed to demonstrate any facts which, if presented to the court at the time of the taking of the plea, would have raised a *bona fide* doubt of his competency to stand trial. *People v. McElroy*, 125 Ill.App.2d 237, 260 N.E.2d 410.

The judgment is affirmed.

Judgment affirmed.

CRAVEN and SIMKINS, JJ., concur.